# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO F. DURAN,<br><br>    Petitioner,<br><br>    v.<br><br>DAVEY,<br><br>    Respondent. | Case No. 1:16-cv-00100-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 1, 13) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner challenges the application of amended California Penal Code section 2933.6 to him, arguing that it violates his plea agreement and the *Ex Post Facto* Clause. The undersigned recommends granting Respondent's motion to dismiss because the instant petition was filed outside the one-year limitation period and is unexhausted.

## I.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). On January 4, 2010, Petitioner was convicted, pursuant to a plea, in the Kings County Superior Court of assault with a deadly weapon and sentenced to an imprisonment term of four years. (ECF No. 13-1 at 19).[1] At the time of Petitioner's offense and conviction, California law permitted inmates housed in the security housing unit ("SHU") who

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

were validated as prison gang associates to accrue good time credits. Cal. Penal Code § 2933.6(a) (2009). On January 25, 2010, the law was amended to deny credits to said inmates. Nevarez v. Barnes, 749 F.3d 1124, 1126 (9th Cir. 2014) (per curiam).

On March 3, 2011, Petitioner was validated as an associate of the Northern Structure prison gang. (ECF No. 13-1 at 29). On October 29, 2013, Petitioner appeared before the Institutional Classification Committee ("ICC") for a SHU 180 Day Review. The ICC elected to continue Petitioner's work group/privilege group at D-2/D, zero-credit-earning status, due to Petitioner being an associate of the Northern Structure prison gang. (ECF No. 13-1 at 45). Petitioner's administrative appeal was denied at the first and second levels of review. (Id. at 41–43). Finally, on July 28, 2014, Petitioner's administrative appeal was canceled at the third level of review based on untimeliness because Petitioner failed to submit his appeal within 30 days of his initial placement in work group/privilege group D-2/D, which occurred on March 3, 2011. (Id. at 40).

On August 22, 2014,[2] Petitioner filed a state petition for writ of habeas corpus in the Kings County Superior Court, which denied the petition on November 26, 2014. (ECF No. 13-1 at 2, 55–57). Thereafter, Petitioner filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on February 25, 2015. (Id. at 69). On August 11, 2015, Petitioner filed a state habeas petition in the California Supreme Court, which denied the petition on November 10, 2015.[3] (Id. at 60, 85).

On December 29, 2015, Petitioner filed the instant federal petition for writ of habeas corpus, challenging the application of amended California Penal Code section 2933.6 to him as a violation of his plea agreement and the *Ex Post Facto* Clause. (ECF No. 1). Petitioner requests

---

[2] Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). See also Rule 3(d), Rules Governing Section 2254 Cases. The Court notes that Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 13 at 2 n.2).

[3] The California Courts website shows that the California Supreme Court denied the petition on November 10, 2015, with citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995), and In re Miller, 17 Cal. 2d 734, 735 (1941). Appellate Case Information, California Courts, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id =2118016&doc_no=S228674 (last updated Aug. 22, 2016). See Worthy v. Hartley, 2010 WL 1339215, *3 n.2 (E.D. Cal. Apr. 2, 2010) ("[T]he internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.").

that he be released on the date he would have been released under the previous version of section 2933.6 that was in place prior to January 25, 2010. (Id. at 15). On March 30, 2016, Respondent filed a motion to dismiss, arguing that the petition is untimely and not fully exhausted. (ECF No. 13).

## II.

## DISCUSSION

### A.  Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The Ninth Circuit has held that when a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) applies and the AEDPA's one-year limitation period runs from when the factual predicate of the habeas claim could have been discovered through the exercise of due diligence. Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012). The Ninth Circuit further held that "[a]s a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." Id.

3

Respondent asserts that Petitioner was aware of the factual predicate of his claims on March 3, 2011, when the CDCR validated Petitioner as an associate of a prison gang. (ECF No. 13 at 3). It was at this time that Petitioner stopped earning good time credits pursuant to California Penal Code section 2933.6(a). Respondent argues that because Petitioner's administrative appeal was canceled as untimely, there is no basis for deeming the CDCR's decision at the third level of review as the factual predicate for Petitioner's claims. (Id.). The Ninth Circuit has yet to address explicitly what constitutes the factual predicate of a habeas claim when the petitioner did not timely request review of the administrative decision at issue. Some district courts in this circuit have held that the limitation period begins to run from the date the administrative decision was made rather than the date the untimely administrative appeal was denied. See, e.g., Moreland v. Virga, No. 1:12-cv-0561 LKK KJN, 2012 WL 5838970, at *7 (E.D. Cal. Nov. 16, 2012); Wilson v. Gonzalez, No. CV 12-3836 DMG (FFM), 2012 U.S. Dist. LEXIS 183772, at *8–9 (C.D. Cal. Oct. 3, 2012), report and recommendation adopted, 2012 U.S. Dist. LEXIS 183743 (C.D. Cal. Dec. 28, 2012(; Clark v. McEwen, No. 10cv02149 AJB(RBB), 2012 WL 1205509, at *7–8 (S.D. Cal. Feb. 28, 2012), report and recommendation adopted, 2012 WL 1205300 (S.D. Cal. Apr. 11, 2012).

The Court finds the above cases persuasive. Further, in light of Petitioner's challenge to the application of amended California Penal Code section 2933.6 to him and his request to be released on the date he would have been released under the previous version of section 2933.6 that was in place prior to January 25, 2010, the basis for Petitioner's claims is his initial gang validation and resultant zero-credit-earning status rather than the ICC's subsequent decision to continue Petitioner's zero-credit-earning status. Accordingly, the Court finds that the initial administrative decision is the "factual predicate" of Petitioner's claims. Here, the initial administrative decision was made on March 3, 2011, but Petitioner did not receive notice of the decision until April 1, 2011. (ECF No. 13-1 at 29). Thus, the one-year limitation period began running the next day on April 2, 2011, and absent tolling, was set to expire on April 2, 2012.[4]

---

[4] April 1, 2012 fell on a Sunday. Accordingly, the limitation period continued to run until the next business day. See Fed. R. Civ. P. 6(a)(1)(C).

See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). However, § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Here, the limitation period expired on April 2, 2012, and Petitioner's first state habeas petition was filed on August 22, 2014. Accordingly, Petitioner is not entitled to statutory tolling under § 2244(d)(2).

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner has failed to file a response to the motion to dismiss and has not made any showing that he is entitled to equitable tolling. Therefore, the instant petition was not timely filed, and dismissal is warranted on this ground.

**B. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). To provide the highest state court the necessary opportunity, the petitioner must "fairly present" the claim with "reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Duncan, 513 U.S. at 365; Gray v. Netherland, 518 U.S. 152, 162–63 (1996). See also Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation

requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'") (citations omitted).

In the instant case, Petitioner filed a state habeas petition in the California Supreme Court. (ECF No. 13-1 at 60). The only claim for habeas relief raised in the petition was that application of amended California Penal Code section 2933.6 violated his plea agreement. (Id. at 62). Petitioner did not label his claim as a federal claim, and there was no reference to the *Ex Post Facto* Clause or any citation to federal law or cases involving federal claims. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"). Therefore, Petitioner failed to provide the California Supreme Court with a full and fair opportunity to consider his *ex post facto* claim, and dismissal is warranted on this ground.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 13) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling

pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 29, 2016**       /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE